UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-640 (and 24-636, 24-621 & 24-623)

**Caption [use short title]**

**Motion for:** Consolidation and Leave to Hyperlink to the Original Record in Lieu of filing and Appendix

689 Eatery Corp. v. City of New York
-and-
59 Murray Enterprises v. City of New York
336 LLC v. City of New York
Club at 60th Street v. City of New York

**Set forth below precise, complete statement of relief sought:**
(1) Consolidation; (2) leave to file a single, consolidated brief, supplemented by a brief on behalf of Appellants in Docket no. 24-621 addressing issues unique to those Appellants; (3) leave to proceed on the original record by hyperlinking to all documents electronically filed in the District Court in lieu of filing a hard copy Appendix

**MOVING PARTY:** 689 Eatery Corp. et al
**OPPOSING PARTY:** City of New York et al

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Jeffrey M. Nye
**OPPOSING ATTORNEY:** MacKenzie Fillow

[name of attorney, with firm, address, phone number and e-mail]

Stagnaro Saba & Patterson Co LPA
7373 Beechmont Ave, Cincinnati, OH 45230
513-533-6714, jmn@sspfirm.com

100 Church Street, New York, NY 10007
212-356-4378
mfillow@law.nyc.gov

**Court- Judge/ Agency appealed from:** SDNY - Just Lewis J. Liman

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
_/s/ Jeffrey Nye_ **Date:** April 6, 2024 **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| 336 LLC v. City of New York | Docket No. 24-261 |
| Club at 60th Street, Inc. v. City of New York | Docket No. 24-623 |
| 59 Murray Enterprises, Inc. v. City of New York | Docket No. 24-636 |
| 689 Eatery v. City of New York | Docket No. 24-640 |

**NOTICE OF MOTION TO CONSOLIDATE APPEALS
AND FOR LEAVE TO HYPERLINK TO ELECTRONICALLY
<u>FILED DOCUMENTS IN LIEU OF FILING A HARD COPY APPENDIX</u>**

Please take notice that Edward S. Rudofsky, counsel for Appellants in Docket No. 24-636 (*59 Murray Enterprises, Inc. et al. v. City of New York*), joined by counsel for all Appellants, hereby moves this Court pursuant to Rules 2(a), 3(b) and 27 of the Federal Rules of Appellate Procedure, for an order (a) to consolidate the above-captioned appeals, and (b) granting leave to the parties to rely on the original record by hyperlinking to the documents electronically filed in the District Court in lieu of filing an Appendix.

1

Counsel for Appellees have no objection to this relief and, if the motion is granted, will hyperlink in their brief to the documents filed electronically in the District Court.

These related appeals are from one opinion, order and Judgment issued by the District Court, and this Court has already ordered that the related appeals are to be heard in tandem.

Edward S. Rudofsky, an attorney admitted to practice in the United States Court of Appeals for the Second Circuit, as well as in the Courts of the State of New York, declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I am the attorney for the Appellants in Docket No. 24-636.

2. This Declaration, which is made on personal knowledge and review of the records, is submitted in support of a joint motion (a) to consolidate related appeals, and (b) for leave to proceed on the original record by allowing parties to hyperlink to documents filed electronically in the District Court in lieu of filing a hard copy Appendix.

### **Regarding Consolidation**

3. The four appeals have all been assigned to the same Case Manager.

4. The Appellants' briefs are all due on April 30, 2024.

5. On March 22, 2024, this Court ordered that the related appeals be heard in tandem.

6. This case involves challenges to the constitutionality of amendments to New York City's Zoning Resolution regarding adult establishments. Three of the actions (Nos. 24-623, 24-636, and 24-640) were brought by eating and drinking establishments. One action (No. 24-621) was brought by bookstores. There is a commonality of interest and many of the factual and legal issues are identical for all of the parties in all of the proceedings. As a result, throughout the litigations in the District Court, the parties worked together and filed a Consolidated Statement of Stipulated Facts, Joint Exhibit List, and 1,596-page Joint Request and Stipulations Regarding the Taking of Judicial Notice.

7. The District Court consolidated these four related cases for purposes of decision. Due to a commonality of interest and to avoid unnecessary duplication, during the District Court proceedings, the eating and drinking establishments filed a single brief, which was joined by the bookstores. Because a small number of issues are unique to bookstores, counsel in that proceeding (*336 LLC v. City of New York*) was also permitted to file a separate brief. On February 9, 2024, Judge Lewis J.

Liman issued a 167-page decision in the consolidated actions (Doc. 228 in Case No. 02-cv-8333).*

8. The parties wish to proceed the same way in this Court, with the eating and drinking establishments (Nos. 24-623, 24-636, and 24-640) filing one consolidated brief joined by the bookstores (No. 24-621), and the Appellants in No. 24-621 filing a separate brief addressed only to issues solely related to the bookstores.

9. On April 22, 2024, the District Court signed the parties' stipulation that they would file two briefs in the Court of Appeals (*see, e.g.* Doc. 231 in Case No. 02-cv-8333, ¶ 7) and the City made its voluntary stay of enforcement of the challenged ordinances contingent on the Plaintiffs-Appellants filing only two briefs in this Court.

10. Consolidation of these proceedings and allowing the parties to proceed in this manner would greatly reduce duplication and enable counsel for the Appellees to file a single responding brief in the four consolidated actions, supplemented by the bookstores' brief addressing issues unique to No. 24-621.

---

* References in this Motion to documents filed electronically in the District Court are hyperlinked to those documents.

4

**Regarding Hyperlinking**

11. The record in these appeals is extensive. It includes 10 volumes of joint requests for judicial notice (*see, e.g.,* Docs. 147 and 147-1 through 147-10 in case 02-cv-8333). The record - - exclusive of the numerous declarations and exhibits submitted solely in connection with the trial - - exceeds 4,500 pages of previously filed stipulated facts, declarations, exhibits, orders and opinions, all of which have been filed with the District Court electronically through PACER, and all of which can be readily accessed through hyperlinking. For example, the trial record consists not only of the voluminous documents submitted solely in anticipation of trial, but also of a great many documents submitted in connection with the 2018 preliminary injunction proceedings (*see* Doc. 189, Schedule A), which are found in a 17 volume Plaintiffs' Joint Appendix (*see, e.g.,* Docs. 59-75 filed in 02-cv-8333), and a four volume Plaintiffs' Joint Reply Appendix (Docs. 97-100 in 02-cv-8333). Moreover, not all declarations and exhibits were filed in all four actions below, even though relied on by all parties in all actions. Allowing hyperlinking to all such documents is by far the simplest way to ensure the Court can quickly find each referenced filing, regardless of the case in which it was filed.

12. For clarity and convenience, the Judge's decision only cited to the documents filed in all four cases as they were filed in Case No. 02-cv-4431.

5

13. The process of hyperlinking references to the record below is also one already accepted by this Court. So long as standard citation format is used, Second Circuit Rule 25.1(i) expressly allows briefs filed in this Court to use hyperlinks to documents in the record below. Counsel for Appellees agree to use hyperlinks to the original record below and to do so in lieu of proceeding via an Appendix, subject to the approval of this Court. For purposes of simplicity, all parties would cite to the same docket used by the District Court, except in the rare instance where a particularly document was electronically filed only in one of the other cases. Since all parties agree to use hyperlinks in lieu of an Appendix, and it substantially simplifies matters for the parties and the Court, Appellants respectfully seek leave to waive the requirement of an Appendix.

14. A printed Appendix herein would be both inordinately voluminous, expensive to produce, and extremely cumbersome to work with. Even an Appendix submitted on CD or DVD (per Second Circuit Rule 25.1(j)(3)) would require substantial work, and use of a deferred Appendix (per Second Circuit Rule 30(c)(2)(B)) would still potentially require the re-submission of six copies of revised briefs by each side.

15. In contrast, hyperlinking to documents filed electronically in the District Court is relatively easy and would eliminate the cost of printing an Appendix

(and re-printing Briefs if a deferred Appendix is allowed). More importantly, it would provide all counsel and the Court with a simple, quick and efficient method of referring in the appellate briefs to relevant documents in the record.

16. In their District Court trial briefs, Appellants, for the convenience of counsel and the Court, hyperlinked all record references to the electronically filed documents.

17. Local Rule 30.1(e) permits certain appeals to proceed on the original record without an Appendix. The present motion would permit this appeal to do so. The Court is expressly authorized to grant such case-specific relief pursuant to F.R.App.Pr. 2(a).

## Conclusion

18. This application is made in the interests of justice and judicial economy.

19. There will be no prejudice to any party by the granting of the relief sought herein. To the contrary, this application is made by all Appellants and the Appellees do not oppose the application.

20. This application is made in good faith and not for purposes of delay.

21. No prior application for this relief has been made to this Court.

22. I declare under penalty of perjury that the foregoing is true and correct.

For all the reasons stated, the Court should grant this Motion; consolidate the above-captioned appeals; grant leave to Appellants to file a single, consolidated brief, supplemented by a brief on behalf of the Appellants in Docket No. 24-261 addressing issues unique to those Appellants; grant leave to the parties to proceed on the original record by hyperlinking to all documents electronically filed in the District Court in lieu of filing a hard copy Appendix; and grant such other and further relief as is appropriate under the circumstances.

Dated: April 5, 2024

*Respectfully submitted,*

_____
Edward S. Rudofsky, Esq.
Zane and Rudofsky
Five Arrowwood Lane
Melville, New York 11747
Phone: (917)913-9697
Fax: (877) 416-5058
ed@rudofskylaw.com
Counsel for Plaintiffs-Appellants
Docket No. 24-636

TO: Clerk of the Court
All Counsel (Via ACMS)